**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILTAF KHAN, | ) |
|   Plaintiff, | ) |
|   v. | ) Case Number: 1:07CV02300(RJL) |
| CONDOLEEZZA RICE, Secretary of State of the United States, et al. | ) |
|   Defendants. | ) |

| | |
|---|---|
| OAM PARKASH, | ) |
|   Plaintiff, | ) |
|   v. | ) Case Number: 1:07CV02298(RJL) |
| CONDOLEEZZA RICE, Secretary of State of the United States, et al. | ) |
|   Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR EXPEDITED DISCOVERY**

Plaintiffs in the above-captioned actions filed motions for expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). *See* No. 07-2298, Dkt. Entry 5; No. 07-2300, Dkt. Entry 5. Those motions request that discovery be expedited, pursuant to Rule 26(d), for the reasons set forth in Plaintiffs' applications for preliminary injunction and motions for expedited summary judgment. Absent an Order from this Court, discovery cannot be served prior to the parties' Rule 26(f) conference — which typically occurs after an answer has been filed and after the Court schedules an Initial Scheduling Conference. *See* Fed. R. Civ. P. 26(d).

Assuming *arguendo* that this is a case in which discovery may be had, there is no reason to expedite discovery.  The complaints were served less than thirty days ago, and Defendants' answers are not yet due.  Further, Plaintiffs have withdrawn the applications for preliminary injunction which were pending at the time they sought expedited discovery.  *See*  No. 07-2298, Dkt. Entry 13; No. 07-2300, Dkt. Entry 13.  Defendants intend to file a Rule 12(b) motion to dismiss, and the parties have proposed a briefing schedule pursuant to which that motion would be due March 11, 2008.  *See id.*

Given the current procedural posture of this litigation, discovery would be premature at this time.  Courts routinely defer discovery until after Rule 12(b) motions have been resolved.  *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (noting that "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion"); *Heckman v. Dep't of Agriculture*, 2005 WL 1532961, * 2 (W.D. Wash. June 24, 2005) (granting motion to stay discovery pending resolution of dispositive motion); *Howse v. Atkinson*, 2005 WL 994572, *1 (D. Kan. Apr. 27, 2005) (noting that "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be fully concluded as a result of a ruling on the dispositive motion); *Tilley v. United States*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) (staying discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion); *Anderson v. United States Attorney's Office*, 1992 WL 159186, *1 (D.D.C. June 19, 1992) (staying discovery pending resolution of pending motion to dismiss).  There is no reason to proceed differently in this case.

## CONCLUSION

For the foregoing reasons, Defendants request that Plaintiffs' Motions for Expedited Discovery be DENIED.

January 14, 2008                                Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov